JUSTICE TRIEWEILER
dissenting.
¶16 I dissent from the majority Opinion. I conclude that the District Court abused its discretion when it denied the Defendant’s motion for a new trial based on an irregularity in the proceedings which prevented a fair trial.
¶17 The District Court’s February 22, 2002, minute entry which records what was said by the court to the parties on that date clearly states that if the parties cannot agree on a pretrial order by February *497 25, 2002, the trial will be vacated. That statement is unequivocal. No pretrial order was agreed upon on February 25, 2002. It is understandable that anyone paying attention to the court on February 22 would have assumed that the trial date was continued.
¶18 The majority states in ¶ 12 that Gold Hill must have recognized that the trial had not been continued because it filed a motion requesting an order to that effect from the District Court. However, I find nothing inconsistent about assuming that a trial date has been continued based on representations made verbally by the District Court and asking the District Court to reduce its decision to a written order. In that same paragraph, the majority states that the District Court denied the motion for a continuance on February 28,2002. While it is true that the District Court’s order denying the motion to continue is dated February 28,2002, it was not filed with the clerk of court until Friday, March 1,2002, and was not mailed by the clerk of court to the Defendant’s attorney until March 4, 2002-the date on which the trial proceeded without the Defendant or its attorney.
¶19 If the District Court Judge told the Defendant and its attorney on February 22 that the trial date would be continued unless there was a pretrial order signed by both parties, the parties had a right to take the trial judge’s statement at face value. I do not buy the argument that they should have assumed he was just letting off steam or expressing frustration. While greater caution by Defendant’s attorney might have been the more prudent course, when the Defendant did not show up based on the confusion created by the District Court’s representation, the trial should have been continued. When it proceeded without the Defendant, an “irregularity in the proceedings” resulted which denied the Defendant a fair trial.
¶20 For these reasons, I dissent from the majority Opinion. I would reverse the judgment of the District Court.